**James Sterlon HUNT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–162.**

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1982.

Robert Walker, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

On the evening of July 14, 1981, the appellant, James Sterlon Hunt, was arrested as he pulled his car into his apartment's driveway by Oklahoma City Police Officers, Bryan Smythe and Jeff Kelly, pursuant to a signed complaint that he had pointed a firearm at Mrs. Vaughan Jones. Appellant was informed of the reason for his arrest and was read his *Miranda* rights, which he stated he understood. Hunt inquired regarding his vehicle and was informed that departmental policy required impoundment, since he was arrested in it, unless he desired to consent to its search for the protection of any valuables that might be contained therein. Appellant stated that he wanted his vehicle to be left with his cousin, who resided at the same apartments, and he signed a prepared waiver form after it was read to him and he stated that he understood it completely. As a result thereof, one-thousand dollars ($1,000.00), now com-

plained of, was discovered in an envelope in the car's console located between the front bucket seats, and the cousin was entrusted with the keys to the vehicle. Both officers testified that in route to the jail the appellant offered them the money in the envelope if they would refrain from taking him there. Officer Smythe sought clarification of the offer and inquired of the appellant if he understood that such an offer was a felony, to which Hunt stated that he understood and again offered them the money, whereupon he was informed that he was being charged with offering to bribe a police officer. He was convicted of said charge in Oklahoma County District Court, Case No. CRF-81-3197, and he appeals.

In an attenuated single assignment of error, the appellant argues that the money found in the envelope should have been suppressed, as the search which produced it was allegedly invalid because, he contends he was under duress when he gave permission and signed the waiver for the search. We do not find that the argument is well taken.

The State in its brief submits that the evidence sought to be suppressed, which was found prior to the bribing of the officers, was not contraband nor evidence of a crime when seized; thus, there was no reason to suppress the money, as it did not become evidence of a crime until after the bribery. We agree.

Moreover, even if the money had been suppressed and no mention made of it, as the appellant urges, we find that the State has presented, through the testimony of both Officer Smythe and Officer Kelly, evidence sufficient to establish a prima facie case of offering to bribe a police officer. Error which occurred, if any there may be, was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., dissent.